UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 8:13-cr-72-T-23MAP
                                         8:17-cv-2168-T-23MAP

MICHAEL FRANCIS DiFALCO
_____/

**O R D E R**

DiFalco moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for conspiring to possess with intent to distribute fifty grams or more of methamphetamine, for which offense he is imprisoned for 240 months. Although timely, DiFalco's motion lacks merit because in the plea agreement DiFalco waived the right to challenge the calculation of his sentence and because his claims were denied on direct appeal.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*). DiFalco's motion to vacate lacks merit.

DiFalco pleaded guilty with the benefit of a plea agreement and his sentence was both calculated under the Sentencing Guidelines and in accord with his plea agreement. On direct appeal DiFalco "claimed that his sentence was imposed in error because the government did not file a proper information under 21 U.S.C. § 851 to support his enhanced sentence," which claim was denied in *United States v. DiFalco*, 837 F.3d 1207, 1211 (2016), as follows:

> Because we hold that a defendant may waive § 851's requirements, and the record before us establishes that DiFalco knowingly waived his right to appeal his sentence, we dismiss his appeal. But, even if we found that the defendant had not knowingly waived his right to challenge his sentence in this Court, DiFalco has failed to meet his burden of establishing that the district court erred, plainly or otherwise, in imposing a 240-month sentence.

In reaching that holding, the circuit court overturned circuit precedent, which held that the notice requirements under Section 851 were jurisdictional. "We hold today that our decisions that § 851 imposes a jurisdictional limit on a district court's

authority have been undermined to the point of abrogation by subsequent decisions of the Supreme Court." *DiFalco*, 837 F.3d at 1216.

In ground one DiFalco challenges the validity of the appeal-waiver, arguing that "[t]he Eleventh Circuit overturned controlling circuit precedent after Mr. DiFalco's guilty plea was accepted. The change in governing authority rendered Mr. DiFalco's appeals waiver unintelligent and unknowing." (Doc. 1 at 14) *DiFalco*, 837 F.3d at 1219–20, rejects this claim:

> Having concluded that § 851's requirements are not jurisdictional — and, thus, subject to waiver — we turn to whether DiFalco did knowingly and voluntarily waive his right to challenge the § 851 notice when he signed the plea agreement. Upon a fair review of this record, we are satisfied that DiFalco knowingly and voluntarily waived his right to appeal his sentence. [W]e have little difficulty concluding that DiFalco entered into this appeal waiver knowingly and voluntarily.

In ground two DiFalco contends that the district court erred by applying the Section 851 enhancement, arguing that "[t]he sentencing court misperceived the range of its penalty jurisdiction as a result of its failure to recognize the defective § 851 information. The sentencing court's sentence was based on the mistake, thus inherently dependent on unreliable information. Unreliability that transgresses due process of law." (Doc. 1 at 15) Because *DiFalco* holds that the Section 851 notice as not defective, the underlying premise of ground two is erroneous, that is, the sentence is not based on a mistake. Moreover, *DiFalco* concludes with "even if DiFalco has not waived his right to contest his sentence, the judgment of the district court must be affirmed,"*id*. at 1225, in part because, earlier in the order, *DiFalco* found that DiFalco

"has not met his burden of showing an error, let alone an error that was plain or obvious." *Id.* at 1222.

Accordingly, the motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**. The clerk must enter a judgment against DiFalco, close this case, and enter a copy of this order in the criminal action.

**DENIAL OF BOTH A
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

DiFalco is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, DiFalco must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, DiFalco is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  DiFalco must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 27, 2017.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE